EN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

AARON CROWDER

Plaintiff,

v.                                                    No. 3:17-cv-00896

)

THE CITY OF ALTON, ALTON POLICE )    **RESPONSE IN OPPOSITION TO**
OFFICER MICHAEL MORELLI, and      )    **DEFENDANTS' MOTION TO**
JEFFREY HENDERSON                 )    **CONSOLIDATE**
                                  )
Defendants.                       )

Plaintiff AARON CROWDER, by his attorneys, Scroggins Law Office, Ltd., hereby bring

this Response in opposition to Defendants' Motion To Consolidate. Under the unique

circumstances of this case, Plaintiff will be prejudiced by the joining of the cases for trial. Plaintiff

concedes that his injuries occurred on the same date and arose out the same incident, but there are

material differences between these cases.

The Plaintiff, however, is not opposed to consolidating these actions for discovery

purposes only. Consolidating these actions for discovery will give the Court and parties the

benefits of avoiding unnecessary costs and duplicative efforts — while ensuring that no prejudice

will occur at a trial.

**ARGUMENT**

In light of the parties' positions, and the differences among these suits, the above captioned

cases should be consolidated for purposes of discovery only at this time. It is not uncommon for

courts to consolidate cases for purposes of discovery only. Consolidation for purposes of

discovery only makes sense here for several reasons: First, it is not necessary to decide whether

these cases should be consolidated for trial or other purposes at this early stage in

1

litigation. See, e.g., Pariseau v. Anodyne Healthcare Mgmt, Inc., No. Civ. A. 3:04-cv-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (consolidating cases for discovery and pre-trial motions only and explaining that plaintiff may renew her motion to consolidate the case for trial at the close of discovery) Davis, 2011 WL 1483167, at *2 (consolidating cases for discovery only and explaining that consolidation for trial would be decided at a later date). Because the parties have not even concluded their Rule 26 conference and discovery has only just begun, it would be premature to consolidate. Plaintiff anticipates that several months of discovery will be required, making it unnecessary at this time for this Court to decide whether consolidation would be appropriate for trial or other purposes. For good case management reasons, courts frequently hold over the decision on whether to consolidate cases for trial until the close of discovery. This approach allows the parties and the Court to determine the degree to which the evidence will overlap before making a decision about whether to consolidate the cases for trial or other purposes. Second, consolidating these cases for only discovery purposes adequately promotes interests of judicial economy and efficiency. Given that discovery activities will consume the parties' time and resources for the next several months, discovery consolidation will adequately protect efficiency interests in the short term. Third, it would be wrong to consolidate these cases for trial in light of the differences in Plaintiffs' claims and potential prejudice.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court consolidate this case with 17-cv-897 for the purposes of discovery only.

/s/ PHILLIP BALDWIN 6320255
SCROGGINS LAW OFFICE LTD.,
1506 JOHNSON ROAD
GRANITE CITY, IL 62040
EMAIL: seroggins lawRjuno.eom
(618) 876-5300 (T)
(618) 876-5135 (F)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

AARON CROWDER,                                              )
                                                           )
    Plaintiff,                                             )
                                                           )
                                                           )
vs.                                                        )    No. 3:17-CV-00896-JPG-SCW
                                                           )
THE CITY OF ALTON, ALTON POLICE                            )
OFFICER MICHAEL MORELLI and                                )
JEFFREY HENDERSON,                                         )
                                                           )
    Defendants.                                            )

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, I caused to be electronically filed

Response In Opposition To Defendant's Motion To Consolidate with the Clerk of the

Court using the CM/ECF system which will send notification of such filing(s).

Respectfully submitted,


/s/ Morgan Scroggins #06202541
Scroggins Law Office Ltd.
1506 Johnson Road, Suite 200
Granite City, Illinois 62040
(618) 876-5300