# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON CROWDER and PEARL CARTER, | |
| Plaintiffs, | Case No. 3:17-cv-00896-JPG-SCW |
| v. | CONSOLIDATED WITH: |
| CITY OF ALTON, MICHAEL MORELLI, and JEFFREY HENDERSON, | Case No. 3:17-cv-00897-JPG-SCW |
| Defendants. | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Pearl Carter moves to dismiss her claims in this case, although she does not indicate under which Federal Rule of Civil Procedure she brings her motion. (Doc. 44.) Nevertheless, it is clear that Rule 41(a)(2) should apply. That rule allows an action to be dismissed at a plaintiff's request only by court order. This manner of dismissal is at the sound discretion of the trial court. *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007).

Here, Carter states that she has a state court matter that conflicts with this case, so it is in her best interests to dismiss this matter. The defendants agree that the Court should dismiss Carter's claims. (*See* Doc. 45.) The defendants also argue, however, that the dismissal should be with prejudice. First, they point out that discovery has been ongoing for several months, Carter pled the Fifth Amendment at her deposition, and Carter's counsel has been unresponsive to the defendants' communications. But perhaps more importantly, a dismissal without prejudice here would mean that Carter could re-file her claim after the defendants litigate this matter in respect to plaintiff Crowder. This latter point is more important: Crowder and Carter initially filed their

1

claims as separate actions, and the Court consolidated the cases herein because their claims stemmed from the same exact incident with police officers employed by the City of Alton, Illinois. (Doc. 26.)

Carter has replied by filing a motion to amend her motion for a voluntary dismissal, but her amended motion simply adds the phrase "without prejudice" to the original document and does not attempt to rebut the defendants' argument. (Doc. 48.) The Court agrees with the defendants that a dismissal without prejudice here would cause them plain legal prejudice by having to litigate this matter twice, in contravention of the Court's consolidation order.

## CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Carter's motion to dismiss (Doc. 44);

- **DISMISSES** Carter's claims **WITH PREJUDICE**;

- **FINDS AS MOOT** Carter's motion to amend (Doc. 48.);

- **DIRECTS** the Clerk of Court to **TERMINATE** Pearl Carter as a plaintiff in the instant case: 3:17-cv-00896-JPG-SCW;

- **DIRECTS** the Clerk of Court to file a copy of this order in both cases consolidated herein: 3:17-cv-00896-JPG-SCW and 3:17-cv-00897-JPG-SCW; and

- **DIRECTS** the Clerk of Court to **CLOSE** case number 3:17-cv-00897-JPG-SCW and enter a final judgment of dismissal with prejudice IN THAT CASE ONLY.

**IT IS SO ORDERED.**

**DATED: MAY 14, 2018**

s/ *J. Phil Gilbert*  
**J. PHIL GILBERT**  
**DISTRICT JUDGE**