# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON CROWDER and PEARL CARTER, | |
| Plaintiffs, | Case No. 3:17-cv-00896-JPG-SCW |
| v. | CONSOLIDATED WITH: |
| CITY OF ALTON, MICHAEL MORELLI, and JEFFREY HENDERSON, | Case No. 3:17-cv-00897-JPG-SCW |
| Defendants. | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Pearl Carter has filed a motion asking the Court to reconsider its order dismissing her claim with prejudice. (ECF No. 54.) Carter had previously moved to voluntarily dismiss her claims *without* prejudice under Federal Rule of Civil Procedure 41(a)(2)—but the Court utilized the Rule to dismiss her claims *with* prejudice instead, considering (1) a dismissal without prejudice could lead to Carter re-filing her claim after plaintiff Aaron Crowder already had a try at this case, in contravention of this Court's consolidation order; and (2) discovery has been going on for months and included a deposition of Carter. (*See* ECF No. 49.) Carter's counsel now argues that they committed excusable neglect by making the assumption that the dismissal order would be without prejudice, and as such the Court should either (1) vacate its prior judgment and enter another that dismisses Carter's claim without prejudice; or (2) in the alternative, reinstate Carter's claim entirely.

Carter filed her motion under Federal Rule of Civil Procedure 60(b), but Rule 59(e) governs: Carter filed her motion within 28 days of this Court's order dismissing her claim, and the Court's dismissal included a final judgment in the consolidated case 3:17-cv-00897-JPG-

1

SCW. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996); *see also Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro,* 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington,* 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The Court will not reverse its prior decision. As explained in its previous order, when Carter filed her motion to dismiss her claim, she did not indicate whether it should be with or without prejudice. The defendants then filed a response arguing why the dismissal should be with prejudice. (ECF No. 45.) Carter had a chance to reply to those arguments, but instead responded by amending her prior motion to add the language "without prejudice," and nothing else. (ECF No. 48.) Her excusable neglect theory does not pass muster, considering she was on notice of the defendants' counterarguments and had ample time to reply, but declined to do so. And for the reasons explained in its prior order and the defendants' response to Carter's motion for reconsideration (*see* ECF Nos. 49, 55), there is no reason for the Court to re-visit its decision. So accordingly, the Court **DENIES** Carter's motion for reconsideration. (ECF No. 54.)

**IT IS SO ORDERED.**

**DATED: JUNE 29, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
